IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES M. MALARIK, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 08-1647 |
| | ) | Magistrate Judge Bissoon |
| v. | ) | |
| | ) | |
| ATTORNEY GENERAL OF PA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM AND ORDER**

James Malarik is a state prisoner currently incarcerated at the State Correctional Institution at Greensburg, Pennsylvania. Malarik is serving a sentence of 10 to 60 months imprisonment imposed by the Court of Common Pleas of Beaver County to run concurrently with sentences Malarik was already serving on Allegheny County convictions. Malarik alleges that he was entitled to a hearing before the Pennsylvania Board of Probation and Parole on November 2, 2007, which Malarik believes represents his "minimum date" on the Beaver County sentence. Malarik seeks release from custody. Malarik's assertion that he was not timely interviewed for parole release, however, does not warrant habeas relief because he is not entitled to release prior to his maximum date, and because he has not alleged that he was denied parole for an impermissible reason.

"[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Absent the creation of a liberty interest in parole, a state's decision to deny parole does not create any procedural due process protections. Both the federal and Pennsylvania state courts have held that parole is not a

constitutionally protected liberty interest under Pennsylvania law. Burkett v. Love, 89 F.3d 135, 139 (3d Cir.1996); Rogers v. Pa. Bd. of Probation and Parole, 724 A.2d 319, 323 (Pa. 1999). Because Petitioner cannot establish that he possesses a liberty interest in parole, he cannot demonstrate a violation of a protected constitutional right even if he is denied parole. Thorpe v. Grillo, 80 Fed.Appx. 215 (3rd Cir. 2003) (Section 1983 claim). The same analysis necessarily applies to Malarik's claim that he was not provided a timely hearing.[1]

Further, Malarik's claim also fails under a substantive due process analysis. The United States Court of Appeals for the Third Circuit has held that "even if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system, all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." Block v. Potter, 631 F.2d 233, 236 (3d Cir.1980). Substantive due process prevents a state from denying parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights. Burkett, 89 F.3d at 140. In addition, a state may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. Block, 631 F.2d at 237.

Here, however, Malarik complains only that he was not afforded a hearing on his "minimum date." Notably, Malarik does not allege that he was entitled to release on that date (and he is admittedly serving other sentences as well), or that a hearing would necessarily have resulted in his release. Therefore, Malarik has not shown that the failure to hold a hearing has denied him any constitutionally-protected interest, and he is not entitled to habeas relief.

---

1   And, in any event, the Commonwealth has presented evidence that Malarik is required under Pennsylvania law to request parole consideration, but that he did not.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c).  Because Malarik has not made such a showing, a certificate of appealability will be denied.

AND NOW, this 8th day of October, 2009,

IT IS HEREBY ORDERED that James Malarik's Petition for Writ of Habeas Corpus is DISMISSED, and a certificate of appealability is DENIED.

s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

cc:
JAMES M. MALARIK
HY4924
SCI Greensburg
165 SCI Lane
Greensburg, PA 15601